# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-50342
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2025

Lyle W. Cayce
Clerk

Matthew Andrew Garces,

*Plaintiff—Appellant*,

*versus*

Cindy Hernandez, *Area Manager of WoodSpring Suites*; WoodSpring Suites; Choice Hotels International, Incorporated,

*Defendants—Appellees*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-81

―――――――――――――――――――――――――

Before Davis, Jones, and Ho, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Matthew Garces, appearing pro se and in forma pauperis, appeals the dismissal of his civil-rights suit after the district court concluded a final state-court judgment precluded his claims. We AFFIRM.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50342

In August 2024, Garces sued Defendants-Appellees, Cindy Hernandez, Woodspring Suites, and Choice Hotels International, Inc., in the County Court at Law No. 3 of Bexar County, Texas, alleging he was wrongfully evicted from a hotel for smoking marijuana. The suit sought damages for violations of Texas's Compassionate Use Program and the Americans with Disabilities Act. On December 6, 2024, the County Court entered summary judgment and dismissed Garces's claims. No appeal was taken, so that judgment became final 30 days later.[1] Garces contends he "was unable to physically appear" before the County Court to "confront his abusers." Rather than pursue an appeal on that ground in state court, Garces refiled the same claims against the same parties in the U.S. District Court for the Western District of Texas. Defendants-Appellees moved to dismiss under federal Rule 12(b)(6), arguing claim preclusion.[2] The district judge converted the motion to one for summary judgment and dismissed, after correctly concluding the County Court judgment precluded the claims in the federal suit.[3] Garces now appeals.

Garces presents three reasons why his claims are not precluded, none of which has merit. First, he argues the County Court action raised only a state-law claim of eviction. This argument is frivolous considering the record and Garces's judicial admission that the state and federal suits share complete identity of claims and parties.[4] Second, Garces argues the County

---

[1] *See* TEX. R. APP. P. 26.1.

[2] *See* FED. R. CIV. P. 12(b)(6).

[3] *See generally* 28 U.S.C. § 1738 (ascribing full faith and credit to final state-court judgments). Because the County Court judgment was rendered by a Texas state court, Texas law governs application of res judicata. *Heller Fin., Inc. v. Grammco Comput. Sales, Inc.*, 71 F.3d 518, 523 n.4 (5th Cir. 1996).

[4] Given that complete identity exists here, the County Court judgment precludes the identical federal claims. *See Heller Fin.*, 71 F.3d at 523 ("Under Texas res judicata

No. 25-50342

Court lacked jurisdiction over "federal civil rights claims," a generalization that is wrong as a matter of law.[5] Relatedly, Garces argues the County Court lacked jurisdiction over claims exceeding $20,000, but his claims have no value at all, per the County Court judgment. Regardless, Garces has no ground to complain about the monetary jurisdictional limit of a state court where he, and he alone, chose to sue. Third, Garces argues his inability to appear before the County Court "voids res judicata," but the authorities he cites in his brief for that proposition do not exist.[6] The district court's judgment is therefore AFFIRMED.

Before concluding, two aspects of Garces's litigation conduct deserve special mention and admonition. First, his citation to many nonexistent authorities strongly suggests the use of generative artificial intelligence.[7] The litigant-user of AI—even a pro se one like Garces—must verify the accuracy of AI-generated information, mindful that citing authorities that are

---

principles, a prior judgment precludes a claim only if the parties are identical, the prior judgment was rendered by a court of competent jurisdiction and was a final judgment on the merits, and the challenged claim arises out of the same subject matter litigated in the first suit." (footnote omitted)).

[5] *Tafflin v. Levitt*, 493 U.S. 455, 458–59 (1990) ("We have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States. If exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it." (cleaned up)).

[6] The nonexistent authorities cited as support are *Ermine v. Frank*, 655 F.3d 154 (3d Cir. 2011), and *Miller v. Cap. One Bank*, 2008 WL 686798 (N.D. Tex. 2008).

[7] Other such "authorities" found in Garces's briefing include *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.3d 1085 (5th Cir. 2000); *Katzenmeier v. Oppenheimer*, 535 F. Supp. 2d 983 (S.D. Iowa 2008); *Lenz v. City of Minneapolis*, 899 F.3d 529 (8th Cir. 2018); and *Testard v. JPMorgan Chase Bank*, 6 F.4th 581 (5th Cir. 2021). A supposed *Noffsinger* case, which Garces cited only as "273 F. Supp. 3d at 346," also does not appear in the reporters.

No. 25-50342

fabricated by AI may violate appellate Rules 32 and 38.[8] Separately, we note again that Garces has filed 28 other pro se lawsuits in the District Court for the Western District of Texas this year alone,[9] prompting that court to enter a cease-and-desist order and to consider additional sanctions.[10] In addition to those remedial measures, Garces is hereby WARNED FOR A SECOND TIME that future frivolous, repetitive, or otherwise abusive filings can and will result in sanctions by this Court, which may include dismissal, monetary

---

[8] *See* FED. R. APP. P. 32(d) (providing signature requirement for briefs); FED. R. APP. P. 38 (providing for awards of damages and/or costs should court find an appeal to be frivolous).

[9] *Garces v. Hernandez*, No. 5:25-CV-82 (filed Jan. 22, 2025); *Garces v. City of San Antonio*, No. 5:25-CV-127 (filed Feb. 6, 2025); *Garces v. Garland*, No. 5:25-CV-128 (filed Feb. 6, 2025); *Garces v. Mohammed*, No. 5:25-CV-141 (filed Feb. 11, 2025); *Garces v. DOJ*, No. 5:25-CV-252 (filed Mar. 7, 2025); *Garces v. United Health Care*, No. 5:25-CV-256 (filed Mar. 10, 2025); *Garces v. Hernandez*, No. 5:25-CV-312 (filed Mar. 26, 2025); *Garces v. Ruiz*, No. 5:25-CV-339 (filed Mar. 31, 2025); *Garces v. S.A. Police Dep't*, No. 5:25-CV-388 (filed Apr. 11, 2025); *Garces v. Rossbach*, No. 5:25-CV-441 (filed Apr. 22, 2025); *Garces v. Contreras*, No. 5:25-CV-539 (filed May 15, 2025); *Garces v. Doe*, 5:25-CV-578 (filed May 27, 2025); *Garces v. Bisignano*, No. 5:25-CV-579 (filed May 27, 2025); *Garces ex rel. Contreras, Jr. v. Univ. Hosp.*, No. 5:25-CV-580 (filed May 27, 2025); *Garces v. Torrez*, No. 5:25-CV-604 (filed May 30, 2025); *Garces v. Saenz*, No. 5:25-CV-605 (filed May 30, 2025); *Garces v. Smith*, No. 5:25-CV-607 (filed June 2, 2025); *Garces v. Biery*, No. 5:25-CV-609 (filed June 2, 2025); *Garces v. Huerta*, No. 5:25-CV-633 (filed June 9, 2025); *Garces ex rel. Contreras, Jr. v. Christus Health*, No. 5:25-CV-634 (filed June 9, 2025); *Garces v. CarMax, Inc.*, No. 5:25-CV-635 (filed June 9, 2025); *Garces v. Tenet Health*, No. 5:25-CV-636 (filed June 9, 2025); *Garces v. Pain & Spine Physicians of S.A., PLLC*, No. 5:25-CV-637 (filed June 9, 2025); *Garces v. Brain & Spine Inst. of S.A.*, No. 5:25-CV-639 (filed June 9, 2025); *Garces v. Epic Pain Mgmt./Express Pain & Urgent Care*, No. 5:25-CV-685 (filed June 18, 2025); *Garces v. Garcia*, No. 5:25-CV-686 (filed June 18, 2025); *Garces v. Caudill*, No. 5:25-CV-702 (filed June 23, 2025); *Garces v. City of San Antonio*, No. 5:25-CV-703 (filed June 23, 2025).

[10] *See* Cease and Desist Order, *Garces v. Mohammed*, No. 5:25-CV-141 (W.D. Tex. May 29, 2025), Dkt. No. 20 (ordering Garces to cease and desist from interacting with the district court's clerk's office and applying that order to nine other pro se cases filed by Garces); *see also* R&R of U.S. Magistrate Judge, *Garces v. Rossbach*, No. 5:25-CV-441 (W.D. Tex. June 4, 2025), Dkt. No. 14 (recommending pre-filing injunction against Garces).

No. 25-50342

sanctions, and restrictions on his ability to file pleadings here and in any court subject to this Court's jurisdiction.[11] Garces should review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

―――――――――――――――――――――

[11] *See Garces v. Bondi*, No. 25-50359 (5th Cir. Aug. 15, 2025).